IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,

        Plaintiff,

v.                                                   CIVIL ACTION NO. 2:19-cv-00272

TOP DOWN DEVELOPMENT, LLC, et al.,

        Defendants.

**ORDER**

Before this Court are the two motions to compel filed by Defendants Timothy Vandeborne, Roger Walker, Jon Steele, and Elizabeth Keeley Steele (collectively, "Homeowner Defendants"). (ECF Nos. 39, 59.) For the reasons explained more fully herein, the motions are **GRANTED IN PART** and **DENIED IN PART**.

Homeowner Defendants brought separate suits against Defendants Top Down Development, LLC ("Top Down") and Byard Coleman ("Coleman") (collectively, "Top Down Defendants") and others in West Virginia state court, alleging that the defendants improperly designed and constructed a housing development near Homeowner Defendants' homes, which caused damage to Homeowner Defendants' property. (*See* ECF Nos. 50-16, 50-18, 50-20.) Homeowner Defendants' lawsuits were consolidated on August 7, 2019 (hereinafter, the "Underlying Litigation"). (*See* ECF No. 41 at 2.)

Plaintiff Erie Insurance Property and Casualty Company ("Erie"), which issued commercial general liability insurance and commercial umbrella insurance policies to Top Down Defendants, filed this insurance coverage declaratory judgment action in this

Court, seeking a declaration that it is not obligated to provide coverage for the claims alleged in the Underlying Litigation. (ECF No. 49.)

On July 19, 2019, Homeowner Defendants served a set of discovery requests on Erie, to which Erie timely responded on August 19, 2019. (ECF No. 39-1; *see* ECF Nos. 33, 35.) The requests principally seek information about Erie's reasons for denying coverage and about the individuals involved in making that decision. (ECF No. 39-1.) Erie objected to nearly all of the requests as irrelevant. (*Id.*) Homeowner Defendants' motions to compel relate to this set of discovery requests.

A. *First Motion to Compel (ECF No. 39)*

In their first motion to compel, Homeowner Defendants argue that "information about the decision-making process in relation to [Erie's] handling of [their] claims" is "relevant and proportional to the needs of evaluating the coverage claim." (ECF No. 39 at 2.) They assert that they "merely seek information about why their claims were denied by [Erie] which is the present issue before the Court." (*Id.*)

Erie responds that the requested information is not relevant to the coverage determination because West Virginia law provides that the duty to defend is determined by reference only to the relevant insurance policy and the underlying complaint. (ECF No. 41 at 4–7.) Erie argues that Homeowner Defendants' discovery requests are "completely inappropriate" because "coverage is a legal issue." (*Id.* at 3.)

West Virginia law indeed provides that "[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." Syl. Pt. 1, *Cherrington v. Erie Ins. Prop. & Cas. Co.*, 745 S.E.2d 508 (W. Va. 2013) (quoting Syl. Pt. 1, *Tennant v. Smallwood*, 568 S.E.2d 10 (W. Va. 2002)). Implicit in this principle, though, is the premise that there must be an agreed set of facts to which the court may

apply the language of the insurance policy. When the court is tasked with ascertaining the insurer's duty to defend its insured, the relevant facts are derived from the underlying complaint(s). *W. Va. Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483, 490 (W. Va. 2004) (quoting Syl. Pt. 3, *Bruceton Bank v. U.S. Fid. & Guar. Ins. Co.*, 486 S.E.2d 19 (W. Va. 1997)). But this case is about more than Erie's duty to provide a defense to Top Down Defendants in the Underlying Litigation: Erie's complaint in this case also includes a request to declare its obligations to provide coverage and to indemnify Top Down Defendants in the Underlying Litigation. (ECF No. 49 at 12.) In some circumstances, the issue of whether coverage exists requires factual development. *See Corder v. William W. Smith Excavating Co.*, 556 S.E.2d 77, 84 (W. Va. 2001), *overruled on other grounds by Cherrington*, 745 S.E.2d 508.

On the record at the hearing held on Friday, January 10, 2020, counsel for Erie represented that Erie relied only on the state-court complaints to deny coverage for the claims alleged. But as counsel for Coleman pointed out, West Virginia law obligates an insurer "to promptly conduct a reasonable investigation [of a claim] based upon all available information," and that information becomes part of the claim file. Syl. Pt. 3, *Miller v. Fluharty*, 500 S.E.2d 310 (W. Va. 1997). At least some of the documents within the claim file are "undisputably [sic] discoverable." *State* ex rel. *Allstate Ins. Co. v. Gaughan*, 508 S.E.2d 75, 90 (W. Va. 1998).

Of course, the claim file(s) for the Underlying Litigation may reflect that Erie's denial of coverage was based on the state-court complaints, as Erie's counsel has represented. But Homeowner Defendants are entitled to know Erie's reasons for denying coverage under the language of the relevant policies and the facts upon which it relied in making that determination. Otherwise, Homeowner Defendants could not

possibly put forth a defense in this case. Frankly, Erie appears to be attempting to cripple Homeowner Defendants' ability to do so by resisting any and all discovery relating to its denial of coverage: Homeowner Defendants' counsel stated at the hearing that Homeowner Defendants did not even receive from Erie the denial letter explaining Erie's reasons for denying coverage, but obtained it from their co-defendants' counsel. The undersigned fails to understand how Homeowner Defendants can be expected to oppose Erie's summary judgment motion—or file one of their own—in this case without knowing how Erie arrived at its decision to deny coverage.

As such, Homeowner Defendants' first motion to compel (ECF No. 39) is **GRANTED IN PART** and **DENIED IN PART** to the extent that Erie is **ORDERED** to produce the portions of the claim file(s) for the Underlying Litigation relating to the investigation it conducted prior to issuing its denial letter on or before **Friday, January 24, 2020**. To the extent it asserts that any of this information is privileged or otherwise protected, Erie is further **ORDERED** to provide a privilege log to Homeowner Defendants in accordance with Federal Rule of Civil Procedure 26(b)(5).

*B. Second Motion to Compel (ECF No. 59)*

In their second motion to compel, Homeowner Defendants argue that Erie improperly redacted premium information and the name of a company affiliated with Top Down from the underwriting documents it produced to Homeowner Defendants. (ECF No. 59 at 3–4.) Erie responds that it "appropriately redacted premium information," which "ha[s] been consistently redacted throughout the entirety of these proceedings." (ECF No. 52 at 5.) It also argues that it properly redacted the "personal and confidential information" of a non-party insured. (*Id.*)

4

To the extent Homeowner Defendants assert that the *amounts* of any premiums Top Down Defendants paid to Erie are relevant to the coverage determination at issue in this case, that argument is plainly without merit. Top Down Defendants' premium rates and related information about how those rates were calculated has no bearing on the language of the relevant insurance policies. However, counsel for Coleman pointed out at the hearing held on Friday, January 10, 2020, that the declarations pages may list all possible coverages, but the corresponding premium for coverages that the insured chose not to procure is shown as $0. It follows that if the amounts of the premiums were redacted, Homeowner Defendants would be unable to ascertain whether Top Down Defendants chose not to obtain a certain type of coverage. Therefore, counsel for Coleman suggested that Erie simply put a check mark beside the coverages that Top Down Defendants obtained but leave the premium amounts redacted. The undersigned believes this is a reasonable solution that would allow Homeowner Defendants to access the information they seek without requiring Erie to disclose what it argues is proprietary information that is frankly not relevant to the coverage determination. Erie is **ORDERED** to modify in this manner the declarations pages produced to Homeowner Defendants as part of the underwriting files and provide them to Homeowner Defendants on or before **Friday, January 24, 2020**.

The identity of the Top Down subsidiary, however, is more appropriately the subject of discovery in the Underlying Litigation. If the policies at issue in this case do not provide coverage to Top Down, it is incredibly unlikely that they would provide coverage to any of its affiliated entities. Further, Homeowner Defendants have not offered any factual support for their assertion that the alleged subsidiary is an "alter ego

of Top Down." (ECF No. 53 at 2.) The subsidiary thus remains a non-party whose information is not relevant to the coverage determination at issue in this case.

As such, Homeowner Defendants' second motion to compel (ECF No. 59) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 13, 2020

Dwane L. Tinsley
United States Magistrate Judge